## WALKER v. WALKER.

1. A plea of tender cannot avail as a defence without an averment of a readiness now and at all times to pay, or a production of the money in court.
2. Under order requiring a referee to report what amounts were intended to be secured by the mortgage, the referee should have taken testimony and made report of all amounts due which were intended to be so secured.
3. Where a deed absolute is shown by parol testimony to have been intended for a mortgage, all the conditions may be proved in like manner.
4. Parol testimony may be received to show, as between the parties, that the mortgage was afterwards extended to cover new debts.
5. Findings of fact by referee and circuit judge in an equity cause, and sustained by the circumstances of the case, approved.
6. Where a wife constitutes her husband her agent, she is bound by his acts to the same extent as other principals are by the acts of their agents.
7. The mortgagee alone may maintain action for foreclosure of mortgage given to secure future advances, the advances having been made by successive firms of which the mortgagee was a member.
8. General exceptions not considered.
9. Where a mortgage is given by A to secure payment for advances to be made to A and B, it is not important to state separately what items were received by each.
10. This court can make no original order for the costs in an equity cause.
11. In action for foreclosure, the order for sale and payment of proceeds is administrative, and may be made after decree rendered.

Before THOMSON, J., Spartanburg, October, 1879.

In this case Hon. T. B. Fraser, Judge of the Third Circuit, sat in the place of the Chief Justice, who had been of counsel.

Action by Joseph Walker against William H. Walker and Mary E. Walker, commenced May 25, 1875. The circuit decree, after a statement of the facts (which sufficiently appear in the opinion of this court) was as follows:

The Court will not take up the exceptions in succession, but will state in connection the views of facts and law which govern the case.

As a fact, the jury (from the papers before me), did not find upon the matters submitted to the Referee by the second order. Without mentioning any sum the jury found that defendant, M. E. Walker, had tendered to plaintiff the sum due to Joseph Walker & Co. The second order of reference relates to the sums or amounts of the accounts due the plaintiff *after* the *dissolution* of the firm of *Joseph Walker & Co.* This, however, became a case for equitable relief—a case of foreclosure; in which the verdict of a jury would inform the conscience of the judge, but would not bind or fetter conclusively his own judgment. *Kirkpatrick* v. *Atkinson,* 11 *Rich. Eq.,* 27.

The order of the Judge—from which it seems there is no appeal—is distinct and clear, that the Referee take into consideration the amounts of the accounts of Joseph Walker and of Walker & Fleming. The Referee did as he was commanded, and the first exception strikes rather at the order than the report. The deed has been declared a mortgage, and the question (amongst others) is for what sums of money it shall stand as security. It does not appear it was intended to secure any liquidated sum. At least, as between the parties to this proceeding it bore that character at the first. The testimony of Mary E. Walker strengthens this view. She declares she held a bond for titles from the plaintiff. This, connected with the other testimony, was an admission of indebtedness to, and title in him. The plaintiff is in the position of one seeking to foreclose, but she is also in the position of one seeking to redeem. She claims the deed is a mortgage; it is allowed. She claims having made a tender—a limited tender is found by the jury.

There can be no question but that as against a mortgagor seeking to redeem, the mortgagee is entitled to be paid all demands. To entitle her to equitable relief, she must do equity.

"When the mortgagee had, subsequently to the date of the mortgage, advanced to the mortgagor other sums than those mentioned in the mortgage, or the mortgagor became indebted to the mortgagee, it was held that the mortgagee might withhold the cancelling of the mortgage until all the claims he had against the mortgagor were paid." *Walling* v. *Aiken, McM. Eq.,* 2.

Independent of the general equity there is evidence that it was a contract of the parties that the mortgage should be regarded as a security for advances made. Such was the intent of the plaintiff, as he swears, and giving his reasons therefor. The character of a security for advances appears to have attached to it for supplies furnished by Joseph Walker & Co., and the parties dealt with it under such belief. Was there any change or notice given to Joseph Walker or Walker & Fleming that the mortgage should no longer stand as security for advances? Had the circumstances of the parties altered, and was security no longer needed? The evidence answers in the negative. The parties continued to deal with each other in the later transactions, as they had done when the deed was recognized as a security between them. Surely the party wishing to change the condition of affairs should have given notice to the other of such intent.

That the wife to a certain extent had the management of the land is apparent, from her letter to plaintiff, wishing to purchase a mule. So the caution she gave to sell her husband only certain articles, necessary, according to her view, is evidence that she regarded his purchases of supplies as a liability on her part. The wife may give control of her separate property to her husband, so that it may become liable for his debts. *Reeder & Davis* v. *Flinn,* 6 *S. C.,* 240. Or, as the Referee seems to have done, the purchase of supplies, whether made by the husband or wife, may be regarded as of joint character, and with the consent of both defendants.

It is ordered, adjudged and decreed that the defendant Mary E. Walker's exceptions be overruled, and the report of the Referee confirmed, and made the judgment of this Court. And that the plaintiff have leave to enter his judgment of fore-

closure for the several sums of money reported as due him by Mr. Nicholls, the Referee.

From this decree Mary E. Walker appealed on the following exceptions:

1. In sustaining any or all the exceptions of plaintiff to the first report of the Referee.

2. In overruling any or all of the exceptions of the defendant, Mary E. Walker, to the second report of the Referee.

3. In holding that the order of Judge Mackey allowed testimony to be taken of debts due others than the firm of Joseph Walker & Co.

4. In holding that the Referee erred in finding that the whole amount intended to be secured by the mortgage was $339.75.

5. In finding that any debts after January 1st, 1873, were intended to be secured by the mortgage.

6. In not sustaining defendant's exception to Referee's report to wit: That said report was indefinite and uncertain, inasmuch as it does not report the amount due separately by each of the defendants.

7. In overruling the appellant's exceptions to Referee's report, to wit: That the Referee erred in construing the order of reference as permitting him to report the amount intended to be secured by the mortgage to any other person than the plaintiff.

8. In not sustaining appellant's fifth exception to Referee's Report, to wit: That the Referee erred in not reporting that the charges against Mary E. Walker were unauthorized except for the articles for which she gave orders, and that for those orders payment has been made.

9. In confirming the report of the Referee.

10. In holding that in this proceeding appellant stands as one seeking to redeem a mortgage, and for that purpose is bound to pay other debts than those due plaintiff or Joseph Walker & Co.

11. In holding that appellant contracted to pay other debts than those due Joseph Walker & Co.

12. In holding that appellant contracted that any other debts except the debts due Joseph Walker & Co., should be secured by the mortgage.

13. In holding that appellant gave her husband, the co-defendant, control of her separate property, so as to become liable for his debts.

14. In holding that the purchase of articles, charged in the account, whether made by appellant or her husband, could be regarded as of joint character, and with the consent of both defendants.

15. In refusing to hold that nothing whatever was secured by the mortgage to plaintiff.

16. In refusing to hold that all of appellant's debt to plaintiff was paid.

17. In not decreeing that the plaintiff should pay the costs of the proceedings, or at least all costs up to the time the case was referred to the Referee.

18. In giving judgment against appellant in favor of Joseph Walker.

19. In giving judgment against appellant in favor of Walker & Fleming.

20. In giving judgment against appellent in favor of Joseph Walker & Co.

21. In ordering foreclosure of mortgage of the land in favor of all or either of said alleged creditors.

22. In decreeing that the plaintiff have leave to enter his judgment of foreclosure for the several sums of money reported as due him by Mr. Nicholls, as Referee.

23. In not specifying the terms upon which said judgment of foreclosure was to be entered.

24. In refusing to dismiss the complaint.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle, S. J. Simpson,* contra.

May 12, 1882.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   On examining the admitted facts and the evidence contained in the "Case" before this Court, it appears that this appellant, Mary E. Walker, was seized of the tract of land described in the complaint in this case; that by proper conveyances the land was conveyed to A. W. Cum-

mings as security for a debt due to him; that when this debt
was paid, except the sum of $49.00, by consent of Mary E.
Walker, Cummings conveyed the land to Joseph Walker &
Co., a firm consisting of Joseph Walker, the plaintiff, and
J. G. Goodlett (the consideration being stated in the deed at
$149.00), who took title to the land as security for $49.00 ad-
vanced to Cummings, and for $100.00, either to be advanced
or then due by W. H. Walker, the co-defendant. Some time
after this Joseph Walker and James G. Goodlett gave to Mary
E. Walker a written agreement to reconvey the land to her on
the payment of $350.00 on January 1st, 1873; this $350.00
was the amount of a credit extended to Mary E. Walker and
her husband, W. H. Walker, on the security of the title to this
land; that this written agreement was delivered up to Joseph
Walker & Co. by W. H. Walker, and there is no evidence of
any consent to its delivery by Mary E. Walker; the firm of
Joseph Walker & Co. was dissolved on March 19th, 1873; on
April 1st, 1873, James G. Goodlett assigned all his interest in
the land to Joseph Walker, having previously sold to him his in-
terest in the firm of Joseph Walker & Co.; about May 1, 1873, C.
E. Fleming bought what had been the interest of James G. Good-
lett, and the business was carried on under the name and style
of Walker & Fleming; large sums of money being due, as ap-
pears by the books, by Mary E. and W. H. Walker to the suc-
cessive firms of Joseph Walker & Co., Joseph Walker and
Walker & Fleming, Joseph Walker commenced this action to
recover possession of this land from the defendants, who had
always remained in possession of it; W. H. Walker, the hus-
band, has never answered the complaint; Mary E. Walker an-
swered the complaint, alleging that the title was held by plain-
tiff only as a mortgage to secure a debt, and that on Decem-
ber 31st, 1874, she had tendered the whole amount due,
$293.00.

The plea of tender not having been followed up by an aver-
ment that appellant has always been and still is ready to pay it,
or by a production of the money in court, cannot avail the ap-
pellant as a defence, even if the whole sum due had in fact
been tendered as alleged. 2 *Green Evid.* § 600.

The case came on to be heard before his Honor Judge T. J. Mackey, and on the trial of certain issues of fact referred to them, the jury rendered a verdict : 1. That the deed under which plaintiff claimed "was intended to operate as a mortgage." 2. That Mary E. Walker did tender to plaintiff the whole amount of debt due by her to Joseph Walker & Co., intended to be secured by the mortgage."

After this verdict was rendered, Judge Mackey made an order appointing a Referee "to take testimony and report" *what amount* is due Joseph Walker & Co. from the defendant, Mary E. Walker, at the time of the tender and subsequent thereto ; and that he do further take testimony upon any special matter involving said accounts ; that the Referee do report also the accounts due from W. H. Walker, and *also what amounts were intended to be secured by the mortgage,* and that the said report, as well as evidence taken, be made subject to the findings of fact already made by the jury.

There are only two facts settled by the verdict of the jury : 1. That the deed was intended as a mortgage. 2. That the whole amount due by Mary E. Walker had been tendered which was intended to be secured to Joseph Walker & Co. The verdict did not fix the amount due to Joseph Walker & Co. intended to be so secured, and did not settle the question whether there were any other amounts intended to be so secured. When the reference was held under this order the Referee ruled out all testimony as to accounts due to Joseph Walker after Goodlett had retired from the firm, and reported that the amount due Joseph Walker & Co. at the date of the dissolution, and intended to be secured by the mortgage, was $339.00.

To this report the plaintiff excepted, and upon the hearing before his Honor Judge Pressley, the report was recommitted to the Referee "to take testimony and report the same as to amount of the account due to plaintiff after the dissolution of the firm, made by M. E. Walker and W. H. Walker, or either of them, and whether the same was intended to be secured by the mortgage, and if so how much thereof. It is further ordered that the Referee make separate statements of the amounts of the accounts made with Joseph Walker & Co., Joseph

Walker, successor to Joseph Walker & Co., and with Walker & Fleming, successors to Joseph Walker, by the defendants, or either of them." It will be seen that this order brings back the investigation to an inquiry as to the matters contemplated by the original order of Judge Mackey, as expressed in the words "and also what amounts were intended to be secured by the mortgage."

A reference was held under this order, and the Referee made a second report of the amounts due, after allowing all proper credits, as follows: To Joseph Walker & Co., $339.75; to Joseph Walker, $304.66; to Walker & Fleming, $287.88. The Referee also reported that these two latter amounts were intended to be secured by mortgage. The verdict of the jury had settled it as a fact that the amount due Joseph Walker & Co. was intended to be so secured, but did not fix the amount.

In the verdict of the jury the word "intended" is used as expressing such mutual intention as to make the deed a mortgage, and to make that mortgage a security for certain debts therein named, and it is but fair to hold that the word is used by the Referee in the same sense, expressing such *mutual intention* as is necessary for a *contract*, when he says that the amounts due Joseph Walker and Walker & Fleming were *intended* to be secured by the mortgage.

This report came before his Honor Judge Thomson on exceptions. The exceptions were overruled, and the report confirmed and made the judgment of the Court, . . . and it was ordered "that the plaintiff have leave to enter judgment of foreclosure for the several sums of money reported as due him, by Mr. Nicholls, the Referee. From this judgment Mary E. Walker has appealed to this Court on various grounds.

The 1st, 3d and 7th exceptions raise questions as to the scope of the first order of reference, made by Judge Mackey. Whatever may have been the relevancy or value of the facts when ascertained, it was certainly within the scope of the words used in that order—"*also what amounts were intended to be secured by the mortgage.*" The Referee should have taken the testimony and reported the amounts due to Joseph Walker and to Walker & Fleming, if, as reported by the Referee to the

Court, these amounts were intended to be secured by the mortgage. These exceptions, therefore, must be overruled.

The 4th exception is that the Referee erred in finding that the whole amount intended to be secured by the mortgage is $339.75. There is some misapprehension of the fact in this, as such does not seem to be the Referee's report.

The 5th, 8th, 11th, 12th, 13th, 14th, 15th, 16th exceptions raise the main issues in this case. The Referee has found as a fact, and in his report the Circuit Judge has concurred, that all these accounts, including the amounts due Joseph Walker & Co., Joseph Walker and Walker & Fleming, were intended to be secured by this mortgage. These exceptions raise the issues : 1st, Whether in fact it was intended by these parties, viz., Mary E. Walker, and the successive firm of Joseph Walker & Co., Joseph Walker, and Walker & Fleming, that these amounts should be secured by the mortgage ; and 2d, Whether the fact, if established, authorizes in this case a judgment of foreclosure and sale of the land for the payment of these debts.

By the tender, the appellant admits the liability of the land for at least $293.00 to Joseph Walker & Co. It is true that as to the accounts due to Joseph Walker and Walker &. Fleming there is no written agreement. The appellant cannot complain of the want of written evidence, because it is by parol testimony that she can show that a deed absolute on its face is only a mortgage. If it can be shown to be a mortgage, then certainly the whole condition of the mortgage can be shown in the same way by parol evidence.

It is contended, however, that while this is true as to the original condition of the mortgage, it is not true as to conditions superadded by the parties afterwards. It is very distinctly laid down that while as to third parties a mortgage cannot be extended to cover new debts, yet this may be done by parol amongst the parties themselves, even when the mortgage is one created in the usual way by deed. See *Jones Mort.* § 357, where it is said that while such an agreement cannot be set up against a mortgagor at law, it can be in equity. The form in which the question comes up is now of no consequence.

In this case there was no distinct agreement in words between the parties. The evidence of an implied contract is very strong. The husband is said to be insolvent and unreliable; no credit could be obtained originally until this security was given; most of the articles were for family use or other necessaries. Soon after the dissolution of the firm of Walker & Co., Joseph Walker received a letter from the appellant requesting him to pay for a horse, and inquiring for fertilizers and groceries. This was April 25th, 1873, and within four days we find these very articles charged in the account amounting to over $200, and this account ran on for several years charged against Mary E. and William H. Walker, husband and wife, payments made on it, and not one word of complaint that any of the articles were purchased by W. H. Walker; and the parties commenced their dealings on this security only. This court thinks that the inference is a fair one that it was the intention of these parties, a mutual intention, such as constitutes an agreement, that these debts should be secured by the mortgage. If any other two parties had lived together and in common as these two, Mary E. Walker and her husband W. H. Walker, and had dealt in this way, we do not think there would be any reasonable objection to an inference that there was an implied contract. The husband is not entitled, as a matter of course, to be held out as the agent of the wife, but when she interferes in the business, as she has done in this case, and in fact allows him to act for her, she is as much bound as any one else who constitutes an agent. This court holds therefore that there was an implied contract to extend this security to cover the debts of Joseph Walker and Walker & Fleming, and that such implied agreement is valid and binding on the parties.

There is no valid objection to this agreement made with successive firms which assumed in this matter the obligations and acquired the rights of Joseph Walker & Co. *Lawrence* v. *Tucker*, 23 *How.* (*U. S.*) 27. The rights of the creditors in this case depend on this agreement and not on any right, as in *Walling* v. *Aiken*, *McM. Eq.* 1, of a mortgagee to demand in a suit to redeem any amounts outside of the mortgage debt which may be due him. This right can exist only between

parties one of whom can plead discount. Joseph Walker stands in this case in the place of Joseph Walker & Co. as to the title and in the absence of any agreement, there could be no set off between Mary E. Walker in this suit and the other two firms.·

The 2nd, 9th, 18th, 19th, 20th, 21st, 22nd, and 24th exceptions are too general and do not bring the mind of the court to any point in which its judgment is sought.

The 6th exception is not well taken because the referee had no testimony before him on which he could have made a statement of the amounts purchased by the defendants separately, and it would not have been important if he could have done so.

As to the 10th exception, the Court holds that it is not important to consider the question raised if the judgment of the Circuit Court is sustained on other grounds, but the views of the Court have been indicated on the point raised by it.

As to the 17th exception, it is a matter of discretion in equity cases in the Circuit Judge as to who shall pay the costs, and as to this there has been no order. This court cannot direct the Circuit Judge to make an order for costs in such cases.

Exception 23d. A judgment of foreclosure is usually attended with an order of sale and for the payment of the proceeds, but these are merely administrative orders and can be made at any time hereafter.

It is therefore ordered and adjudged that the exceptions be overruled, the. judgment of the Circuit Court affirmed, and the appeal dismissed.